UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| WILLIAM T.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-00049-SEB-KMB |
| | ) |
| MARTIN O'MALLEY Commissioner of the | ) |
| Social Security Administration,[2] | ) |
| | ) |
| Defendant. | ) |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS**

This is an action for judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") finding Plaintiff William T. ("Plaintiff") not entitled to Social Security disability insurance benefits or supplemental security income. This case was referred to Magistrate Judge Barr for initial consideration. On November 8, 2023, Magistrate Judge Barr issued a Report and Recommendation, recommending that the Administrative Law Judge's ("ALJ") decision denying Plaintiff benefits be affirmed. This cause is now before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. Dkt. 15.

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley automatically became the Defendant in this case when he was sworn in as Commissioner of the Social Security Administration on December 20, 2023, replacing Acting Commissioner of the Social Security Administration Kilolo Kijakazi.

**STANDARD OF REVIEW**

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or was the result of an error of law. *Rice v. Barnhart*, 384 F.3d 363, 368–69 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Our review of the ALJ's decision does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue*, 671 F.3d 629, 632 (7th Cir. 2011).

When a party objects to specific elements of a magistrate judge's report and recommendation, the district court conducts a *de novo* review to determine for itself whether the Commissioner's decision was supported by substantial evidence or, rather, was the result of an error of law. Fed. R. Civ. P. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been raised by a party. *See Schur*

2

*v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009). We have followed those guidelines in conducting this review.

## BACKGROUND[3]

In April 2019, Plaintiff filed a claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"), alleging a disability onset date of August 24, 2017 (hereinafter referred to as the "Previous Decision"). Dkt. 7-3 at 5. On October 8, 2020, ALJ David Peeples ("ALJ Peeples") found that Plaintiff suffered severe impairments of abdominal hernias, diabetes mellitus, and obesity but, nevertheless, could perform sedentary work. *Id.* at 8.

Plaintiff did not appeal the Previous Decision. In March 2021, he instead applied for DIB anew, this time alleging a disability onset date of October 9, 2020.[4] The agency denied Plaintiff's second application on August 3, 2021, and again on reconsideration on November 17, 2021. Dkt. 7-2 at 22. ALJ Jeffrey Eastham ("ALJ Eastham") held a hearing in October 2022, and, on November 20, 2022, issued a decision, wherein he concluded that Plaintiff was not entitled to DIB (hereinafter referred to as the "Current Decision"). *Id.* at 22, 31.

ALJ Eastham concluded, in relevant part, the following:

- At Step One, Plaintiff had not engaged in substantial gainful activity since October 9, 2020, the alleged onset date. *Id.* at 24.

---

[3] The relevant evidence of record is amply set forth in the parties' briefs as well as the ALJ's decision and need not be repeated here. Specific facts relevant to the Court's disposition of this case are discussed below.

[4] Several documents in the record before us refer to the alleged onset date as October 6, 2020. Plaintiff, with the support of other record evidence, avers an onset date of October 9, 2020. We, like the Magistrate Judge, rely on Plaintiff's alleged onset date of October 9, 2020.

3

- At Step Two, Plaintiff had the following severe impairments: history of gunshot wound to abdomen with residuals including hernias and obesity. *Id.*

- At Step Three, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. *Id.* at 26.

- After Step Three but before Step Four: Plaintiff had the residual functional capacity ("RFC") to perform light work, as defined by 20 CFR 404.1567(b), except the claimant can frequently climb ramps but can never climb stairs. The claimant can never climb ladders, ropes, or scaffolding. The claimant can perform unlimited balancing (as defined by the SCO). The claimant can frequently stoop, occasionally crouch, and never kneel or crawl. The claimant must avoid frequent concentrated exposure to extreme temperatures and vibrations. The claimant can never work at unprotected heights and never operate motorized vehicles as a work requirement. The claimant cannot perform fast paced production rate work such as the rate associated with hourly quotas or conveyor belt paced work. *Id.*

- At Step Four, in consideration of the vocational expert's ("VE") testimony and Plaintiff's RFC, Plaintiff was unable to perform any past relevant work. *Id.* at 30.

- At Step Five, relying on the VE testimony, Plaintiff's RFC, age, and education, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed through the date of decision, such as marker, collator operator, and mail room clerk. *Id.* at 30–31.

On February 27, 2023, the Appeals Council denied Plaintiff's request for review, and, on March 28, 2023, Plaintiff timely brought this action in federal district court, pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). On review before the Magistrate Judge, Plaintiff maintained that ALJ Eastham failed to distinguish the Previous Decision (and its sedentary RFC finding) from his evaluation of Plaintiff's second application. According to Plaintiff, the Previous Decision's determinations "at Step 2 that diabetes mellitus is a severe impairment and at Step 3 that [ ] Plaintiff retained an RFC for no more

4

than [s]edentary exertion were *res judicata* and therefore presumptively applicable to the second application." Pl.'s Br. 3–4, dkt. 10.

The Magistrate Judge ultimately rejected Plaintiff's arguments, concluding that the Previous and Current Decisions involved "different alleged onset dates, different time periods," and, therefore, were "different claims." R. & R. 7, dkt. 14. "Because the Previous Decision's findings were not presumptively applicable to [Plaintiff's] second application for benefits, the ALJ's severe impairment and RFC findings in the Current Decision were not barred by *res judicata*." *Id.* Accordingly, the Magistrate Judge recommended that we affirm the Commissioner's decision that Plaintiff was not disabled.

Plaintiff timely objected to the Magistrate Judge's Report and Recommendation, arguing that the Magistrate Judge failed to address Seventh Circuit precedent concerning *res judicata*. The Commissioner filed no response, and the time for doing so has passed. Plaintiff's objection awaits our ruling.

## DISCUSSION

Plaintiff's objection raises two related issues: (1) under *res judicata* principles, Plaintiff's sedentary RFC, as determined in the Previous Decision, could not be relitigated in the Current Decision unless evidence demonstrated improvements in Plaintiff's health; and (2) even if not legally bound by the Previous Decision, ALJ Eastham's alleged failure to distinguish the current disability period from the prior period was a clear error of law. We address each in turn.

5

I.     *Res Judicata*

Once a Social Security claim is fully adjudicated, *res judicata* (i.e., claim preclusion) "prevents that specific claim from being raised again, *for the time period covered by that adjudication*." *Rucker v. Shalala*, 894 F. Supp. 1209, 1217 (S.D. Ind. 1995), *aff'd sub nom. Rucker v. Chater*, 92 F.3d 492 (7th Cir. 1996) (emphasis added). "The time period for which there is a preclusive effect of the original determination begins with the alleged onset date of disability and runs through the final determination . . . ." *Id.* Thus, a second claim alleging an onset disability date outside the previously adjudicated time frame is, for *res judicata* purposes, a distinct claim on which the prior determination has no preclusive effect. *Groves v. Apfel*, 148 F.3d 809, 810 (7th Cir. 1998) ("Res judicata bars attempts to relitigate the same claim, but a claim that one became disabled in 1990 is not the same as a claim that one became disabled in 1994."). Where prior and successive claims lack temporal overlap, they constitute "completely separate, distinct, and unrelated applications." *Reynolds v. Bowen*, 844 F.2d 451, 454 (7th Cir. 1988). A successive claim, therefore, is "decided independently of the previous claim," and the previous determination has no weight in a subsequent case." *Rucker*, 894 F. Supp. at 1217 (citing *Reynolds*, 844 F.2d at 453–54).

Turning to the case at bar, we hold that the Previous Decision had no preclusive effect on the Current Decision; thus, ALJ Eastham committed no legal error in reaching a different conclusion than ALJ Peeples. The Previous Decision adjudicated a claim with an alleged onset disability date of August 24, 2017, and was finally decided on October 8, 2020. Though the Previous Decision could have a preclusive effect on claims arising from

that time frame, Plaintiff insists that October 9, 2020, is the correct onset disability date at issue in the instant claim. Though Plaintiff brought the second claim on the heels of the Previous Decision, there can be no real dispute that the Previous and Current Decisions adjudicated distinct time periods and, thus, different claims on which *res judicata* has no bearing.

      Moreover, Seventh Circuit precedent overwhelmingly supports our conclusion. *Penrod on behalf of Penrod v. Berryhill*, 900 F.3d 474 (7th Cir. 2018) (no legal requirement that an ALJ "use the same RFC than a different ALJ used in denying benefits for a prior period"); *e.g.*, *Rucker*, 92 F.3d at 495 (ALJ finding is binding with respect to claimant's DIB eligibility "for that time period" but "has no effect . . . on an application for [DIB] for a subsequent time period").

      Nevertheless, Plaintiff maintains that, absent evidence of an improvement in his medical conditions, ALJ Eastham was bound by ALJ Peeples's findings from the Previous Decision regarding Plaintiff's severe impairments and RFC. To support this conclusion, Plaintiff contends that the Magistrate Judge erred in failing to address the Seventh Circuit's opinion in *Groves v. Apfel*, 148 F.3d 809, 810 (7th Cir. 1998). We disagree. In *Groves*, the claimant appealed the denial of her second social security application, arguing that the district judge had "refused to look at the medical evidence submitted in connection with her first application." *Id*. The Seventh Circuit agreed that the district judge had erred, explaining that, "although the final judgment denying [the first] application was res judicata, this did not render evidence submitted in support of the [second] application inadmissible to establish, though only in combination with later evidence, that she had

7

become disabled after the period covered by the first proceeding." *Id.* In explaining that evidence from a prior claim was admissible in a successive claim, *Groves* also confirmed the principles we have outlined above, namely that *res judicata* bars relitigating *identical* claims—"but a claim that one became disabled in 1990 is not the same as a claim that one became disabled in 1994." *Id.*

At bottom, *Groves* simply clarified that, when a claimant reapplies after the denial of a previous claim, an ALJ *may* consider preexisting evidence from the prior application in combination with new evidence. To that end, *Groves* confirms that one ALJ is not bound by another ALJ's disposition of a separate and distinct claim. *Groves*'s relevance to Plaintiff's contention here is limited, for it reinforces our (and the Magistrate Judge's) conclusion that the claims decided in the Previous and Current Decisions were separate and that *res judicata* principles posed no hindrance to their different findings.

For illustrative purposes, Plaintiff repeatedly directs us to a Sixth Circuit decision that instructs ALJs to adopt a prior decision's findings when new evidence reveals no material factual changes in a claimant's alleged disability. *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997). *Contra Effect of Prior Findings on Adjudication of a Subsequent Disability Claim Arising Under the Same Title of the Soc. Sec. Act–Titles II & XVI of the Soc. Sec. Act*, SSAR 98-4(6) (S.S.A. June 1, 1998), 1998 WL 283902, at *2 ("[I]f the subsequent claim involves deciding whether the claimant is disabled during a period that was not adjudicated in the final determination or decision on the prior claim, SSA considers the issue of disability with respect to the unadjudicated period to be a new issue that prevents the application of administrative res judicata."). A Sixth Circuit claimant

could be entitled to remand where an ALJ deviates from a prior decision without explicating the material changes that support a different disposition. The Seventh Circuit, by contrast, permits a subsequent ALJ to deviate from a prior ALJ's decision where, taking evidence from both proceedings together, the claimant's conditions have reached disability status, for "there is no necessary inconsistency in finding an applicant not disabled at time $t$ but disabled at $t+1$." *Groves*, 148 F.3d at 810.

According to Plaintiff, "if remand in a Social Security appeal is appropriate under the Sixth Circuit standard, it will necessarily be appropriate under the Seventh Circuit's less demanding standard." Pl.'s Obj. 2, dkt. 15 (quoting *Seabolt v. Berryhill*, No. 3:17-CV-470-MGG, 2018 WL 3545382, at *2 n.3 (N.D. Ind. July 23, 2018) (applying Sixth Circuit precedent because all administrative proceedings occurred when claimant resided in that jurisdiction)). By Plaintiff's logic, because the Current Decision articulated no material improvements in his condition, he is entitled to remand under the Sixth Circuit standard, which necessarily makes remand appropriate under the Seventh Circuit standard as well.

We find Plaintiff's argument unconvincing. Whatever merit Plaintiff's argument might have in the Sixth Circuit, we are bound by Seventh Circuit standards, and Plaintiff has not explained how he is entitled to prevail under Seventh Circuit authority. Indeed, Plaintiff's tautology—arguing that remand under the Sixth Circuit's rule necessarily dictates a remand under the Seventh Circuit's rule—is unconvincing as well as frustrating. Again, the Current Decision adjudicated a claim that was fully independent from the claim adjudicated in the Previous Decision, and, as such, ALJ Eastham's severe impairment and

9

RFC findings in the Current Decision were not barred by *res judicata*. *See Rucker*, 894 F. Supp. at 1219.

## II. Distinguishing Disability Periods

Notwithstanding *res judicata* principles, Plaintiff also argues that ALJ Eastham committed a clear error of law by failing to address the Previous Decision's findings in the Current Decision. However, Plaintiff has cited no authority to support this position, and courts bear no "responsibility to research and construct the parties' arguments." *Spath v. Hayes Wheels Int'l.-Indiana, Inc.*, 211 F.3d 392, 397 (7th Cir. 2000). As such, we regard Plaintiff's "perfunctory and undeveloped argument[ ]" as waived. *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991). Accordingly, Plaintiff has not met his burden of demonstrating a reversible error.

## CONCLUSION

For these reasons, Plaintiff's objections to the Magistrate Judge's Report and Recommendation are **OVERRULED**. Accordingly, the Magistrate Judge's Report and Recommendation, dkt. 14, is hereby **ADOPTED**. Final judgment shall enter by separate document.

IT IS SO ORDERED.

Date: _____3/5/2024_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Javitt Adili
Social Security Administration
javitt.adili@ssa.gov

Keeya Jeffrey
Social Security Administration
keeya.jeffrey@ssa.gov

Alan L. Lani
THE LAW OFFICES OF ALAN LANI, PL
alan@alanlani.com

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov